FILED'09 APR 27 09:59 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACKIE RICHARD GREGG,,

        Petitioner,         Civil No. 07-984-CL

        v.         REPORT AND
                      RECOMMENDATION
BRIAN BELLEQUE,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment of Conviction and Sentence, dated January 14, 1994, from Coos County Circuit Case No. 93CR-1952, after convictions for two counts of Burglary in the First Degree, and two counts of Sexual Abuse in the First Degree, one count of Rape in the First Degree and three counts of Sodomy in the First Degree. Respondent's Exhibit 101. The trial court imposed various concurrent and consecutive sentences totaling 240 months of imprisonment. Id.

    Petitioner directly appealed his convictions, but the

1 - REPORT AND RECOMMENDATION

Oregon Court of Appeals affirmed in a written opinion, State v. Gregg, 134 Or App 627 (1995), and the Oregon Supreme Court denied review. 322 Or 360 (1995).

On April 18, 1996, petitioner filed a petition for post-conviction relief in Marion County Circuit Court Case No. 96C-11356. On February 3, 1997, the post-conviction trial court dismissed the petition. Petitioner did not appeal the post-conviction court's judgment.

On January 29, 1999, petitioner filed a successive petition for post-conviction relief in Marion County Circuit Court Case No. 99C-10860. On September 29, 1999, the post-conviction trial court dismissed the petition. The Oregon Court of Appeals affirmed without opinion, Gregg v. Palmateer, 169 Or App 205 (2000), and the Oregon Supreme Court denied review. 331 Or 334 (2000). The appellate judgment is dated January 5, 2001.

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in Gregg v. Czerniak, U.S. District Court Case No. 01-CV-00479-FR, but the court dismissed it with prejudice and the Ninth Circuit Court of Appeals denied a certificate of appealability. Respondent's Exhibit 102-106.

On June 7, 2005, petitioner filed a second successive petition for post-conviction relief in Marion County Circuit Court Case No 05C-15652. On June 5, 2006, the post-conviction trial court granted respondent's motion for summary judgment and dismissed the petition. The Oregon Court of Appeals

2 - REPORT AND RECOMMENDATION

affirmed without opinion. <u>Gregg v. Belleque</u>, 209 Or App 354 (2006), and the Oregon Supreme Court denied review. 342 Or 416 (2007).

On July 20, 2007, petitioner filed the petition for a writ of habeas corpus in the instant case.

Respondent moves to deny the petition and dismiss this proceeding on the ground that "Petitioner failed to obtain authorization from the Ninth Circuit Court of Appeals prior to filing this successive or successive petition as required under 28 U.S.C. § 2244(b)(3)(A)." Response to Habeas Petition (#14) p. 1.

Petitioner argues that the petition before the court "is not a 'second' or 'successive petition' within the meaning of 28 U.S.C. § 2244(b)(3). As such (petitioner) did not need the Circuit's permission to file." Preliminary Memorandum of Law (#25), p. 1.

    28 U.S.C. § 2244(b) provides, in pertinent part:

(1) A claim presented in a second or successive habeas corpus application under Section 2244 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under Section 2244 that was not presented in a prior application shall be dismissed unless -

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;

    \* \* \*

3 - REPORT AND RECOMMENDATION

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Petitioner's claim in this proceeding may rely on a new rule of constitutional law, but it has not been made retroactive to cases on collateral review. See, Schardt v. Payne, 414 F.3d 1024 (9th Cir. 2005). Moreover, even if petitioner's claim does fit within the criteria of § 2244(b)(2)(A), the certification requirement of section 3(a) applies.

Petitioner's contention that the present petition is not second or successive is based on Hill v Alaska, 297 F.3d 895 (9th Cir. 2002), Steward v. Martinez-Villareal, 523 U.S. 637 (1998) and Slack v. McDaniel, 529 U.S. 473 (2000). However, the cases relied upon by petitioner are distinguishable from the circumstances of the case before the court.

In Martinez-Villareal, the Supreme Court held that the claim of a capital prisoner that he was insane and therefore could not be put to death was unripe until the state issued a warrant for his execution, and so the prisoner's subsequent request for consideration of that previously unripe claim was not "second or successive" for purposes of § 2244.

In this case petitioner does not contend that his Blakely claim was "unripe" at the time of his first petition. In Petitioner's Preliminary Memorandum (#25) at p. 5 fn 2,

4 - REPORT AND RECOMMENDATION

petitioner argues that his <u>Blakely</u> claim was "not available in 2002." Although <u>Blakely</u> had not been decided in 2002, the factual basis for petitioner's claim existed. Therefore, it is more accurate to say that petitioner was not aware of his <u>Blakely</u> claim at the time of his first 2254 petition.

Petitioner further argues at fn. 2 that his 2002 habeas petition was not addressed on the merits. However, petitioner's previous federal habeas corpus petition was dismissed with prejudice by Judge Frye on the grounds that it was time barred. <u>See</u> Oregon District Court Civ. No. 01-479-FR, Document (#39) entered June 12, 2002. The dismissal in Civ. No. 01-479-FR was a decision on the merits. <u>See</u>, <u>Murray v. Greiner</u>, 394 F.3d 78 (2nd Cir. 2005) (dismissal of petition as barred by statute of limitations "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive petitions' under § 2244(b)").

The Court's decision in <u>Slack</u> "merely confirmed that when a 'first' petition is dismissed because it contains unexhausted claims, a prisoner returning later with a fully exhausted petition would not confront the 'second or successive' bar." <u>Burton v. Stewart</u> 549 U.S. 147 (2007) (*per curiam*). Petitioner does not contend that his first petition was dismissed as "mixed."

In<u>Hill</u>, the petitioner filed two prior habeas petitions. The first petition challenged the prisoner's conviction, and

5 - REPORT AND RECOMMENDATION

was dismissed without prejudice for failing to pay the required filing fee and for not using the proper form. 297 F.3d at 897. The second petition challenged both the conviction and the parole release date. Thus, it was a "mixed" petition, and the petitioner's motion for voluntary dismissal was granted because the challenge to the parole date was not ripe.

The petitioner sought leave of the Ninth Circuit Court of Appeals to file a third petition challenging both the release date and the conviction, but the request was denied. The court held that the claim attacking the conviction was "successive" and failed to satisfy the requirements of §2244(b)(2). The court further held that the parole date claim was not second or successive since it was the first challenge to the calculation of the release date. However, because the parole date claim was not second or successive the circuit's permission to file it was not necessary.

In this case there is no claim that petitioner's first petition presented a mix of exhausted and unexhausted claims or that the second petition challenges a conviction or sentence not at issue in the prior proceeding.

The circumstances of this case are analogous to those in Burton v. Steward. In that case, the petitioner challenged his convictions in a first 2254 petition, and his sentence under Blakely in the second. 549 U.S. at 151. The Court held "the District Court was without jurisdiction to entertain" the

6 - REPORT AND RECOMMENDATION

application raising the sentencing claims since it was "a 'second or successive' petition challenging his custody," and the Court of Appeals had not authorized the filing. Id, at 157.

Petitioner's petition in this proceeding challenges the same convictions at issue in the Civ. No 01-479-FR. Therefore, it is a second or successive petition and that the certification requirement of 28 U.S.C. § 2244(b)(3)(A) applies. Petitioner has not sought or obtained such certification. Accordingly, this court is without jurisdiction to consider the petition. Burton v. Stewart, supra at 152; Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001).

Petitioner's Petition (#1) should be dismissed without prejudice to re-file at which time, if any, that petitioner obtains the certification required by 28 U.S.C. § 2244(b)(3)(A). This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a

7 - REPORT AND RECOMMENDATION

waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 27 day of April, 2009.

Mark D. Clarke
United States Magistrate Judge

8 - REPORT AND RECOMMENDATION